NUMBER 13-04-424-CV

 

                         COURT OF APPEALS

 

               THIRTEENTH DISTRICT OF TEXAS

 

                  CORPUS CHRISTI - EDINBURG

 

 

 

THOMAS A. WARREN,                                              Appellant,

 

                                           v.

 

TEXAS DEPARTMENT OF CRIMINAL JUSTICE - 

CORRECTIONAL INSTITUTIONS DIVISION,                    Appellee.

 

 

 

                   On appeal from the 36th District Court

                              of Bee
County, Texas.

 

 

 

                     MEMORANDUM OPINION

 

                       Before Justices Yañez, Castillo,
and Garza

                        Memorandum Opinion by Justice Castillo

 








Appellant, Thomas A. Warren, an indigent inmate in
the Texas Department of Criminal JusticeBInstitutional Division (TDCJ-ID), appeals the trial
court's dismissal of  his pro se case
under chapter fourteen of the civil practice and remedies code. See Tex. Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  He sued appellee, the TDCJ-ID, seeking
district court de novo review of an adverse administrative decision.  We affirm the trial court's order dismissing
the lawsuit. 

I. Issues Presented

Warren presents two issues:  (1) whether the trial court erred in
dismissing his prisoner's in forma pauperis suit for want of
jurisdiction; and (2) whether the trial court erroneously construed his
petition as a "lawsuit" rather than an appeal from an adverse
administrative decision.

II. 
Background[1]

A bench warrant caused Warren to leave behind
personal belongings.  Upon his return to
TDCJ-ID, he filed a grievance seeking remuneration for lost property, namely,
one light bulb and an envelope containing approximately four hundred family
photographs.  TDCJ-ID denied his
claim, stating, in part, that he received all his property.  The final TDCJ-ID decision states:








An investigation has been conducted regarding
you[r] property claim and you have failed to provide evidence that the TDCJ-ID
was the proximate cause of your alleged property loss/damage.  The information provided in your Step 2
appeal does not refute the finding of the Step 1 and is not sufficient to
indicate the agency is responsible for the loss/damage of your property.  Reimbursement in this instance would not be
appropriate as the criteria for compensation has not been met.  Records indicate that you signed the PROP-05
on 6-13-03.  The PROP-03, dated 7-3-03,
when you returned from bench warrant listed photographs, photo albums and legal
material.

 

After exhausting internal appeals,
Warren filed suit for de novo review in the district court of the denial of his
property claim.  In his original
petition, he sought declaratory judgment (1) to vacate the agency decision, and
(2) to find the evidence legally and factually insufficient to sustain the
agency's decision.  Warren filed a motion
to proceed in forma pauperis, a declaration of previous court filings,
and a declaration of previous grievance filings.

TDCJ-ID filed a plea to
the jurisdiction asserting (1) lack of jurisdiction and (2) sovereign
immunity.  TDCJ-ID also filed a motion to
dismiss under chapter fourteen of the civil practice and remedies code.  See Tex.
Civ. Prac. & Rem. Code Ann. ' 14.003 (Vernon 2002).  Warren filed a response to the motion,
asserting essentially that the motion had no basis in law or in fact. 

The trial court
convened a telephonic hearing.  Warren
stated, "This is not a suit for an appeal of a decision of administrative
body.  It's of a [sic] property
rights.  I have an independent right to
challenge the actions . . . ."  The
following ensued to clarify Warren's request for relief:

The
Court:  So what you're actually doing in
this case is you're beginning suit to recover property; is that correct?

 

Mr.
Warren:  Yes, sir.

 

The
Court:  All right.  And what property is it your [sic] seeking to
recover?

 








Mr.
Warren:  I had some family pictures of my
family and friends and everything and I've been to TDCJ over 13 years and I'm
from out of state and that's how I communicated with my family with pictures
and letters.  And I had a bunch of
pictures when I came out beginning chain and I workBI work as an [sic] guard chain up the round so I
know what types of inmates do with other inmates' property if there's stuff
around, so I figured that's what happened. 
But they're just brushing it under the rug.

 

The
Court:  All right.  So we've got it established then that the
purpose of this hearing is for recovery of some property that you say is
missing; is that correct?

 

Mr.
Warren:  Yes, sir.

 

Counsel for the TDCJ-ID
moved for dismissal on jurisdictional grounds because the property was valued
below $500, and on sovereign immunity grounds. 
The trial court granted the plea to the jurisdiction.  The order states (1) the trial court
considered the motion and the pleadings on file, and (2) Warren's claims fail
for want of jurisdiction.  This appeal
ensued.

III.  Scope and Standard of Review

As a general proposition, before a court may address the merits of any
case, the court must have jurisdiction over the party or the property subject
to the suit, jurisdiction over the subject matter, jurisdiction to enter the
particular judgment, and capacity to act as a court.  State Bar of Tex. v. Gomez, 891 S.W.2d
243, 245 (Tex. 1994).  If the district
court lacks jurisdiction, then its decision would not bind the parties.  See id.  A decision that does not bind the parties is,
by definition, an advisory opinion prohibited by Texas law.  See id.  








A trial court's lack
of subject matter jurisdiction is fundamental error and may be raised the first
time on appeal.  See Tex. Ass'n of
Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 442-44 (Tex. 1993).  Whether a court has subject matter
jurisdiction is a question of law. 
Tex. Dep't of Parks and Wildlife v. Miranda, 133 S.W.3d 217, 226
(Tex. 2004).  Whether a pleader has
alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction
is a question of law, to be reviewed de novo. 
Id.  Likewise, whether
undisputed evidence of jurisdictional facts establishes a trial court's
jurisdiction is also a question of law.  Id.  However, in some cases, disputed evidence of
jurisdictional facts that also implicate the merits of the case may require
resolution by the finder of fact.  Id.  

When a plea to the
jurisdiction challenges the pleadings, we determine if the pleader has alleged
facts that affirmatively demonstrate the court's jurisdiction to hear the
cause.  Miranda, 133 S.W.3d at
226.  We construe the pleadings liberally
in favor of the plaintiffs and look to the pleader's intent.  Id.  If the pleadings do not contain sufficient
facts to affirmatively demonstrate the trial court's jurisdiction but do not
affirmatively demonstrate incurable defects in jurisdiction, the issue is one
of pleading sufficiency and the plaintiff should be afforded the opportunity to
amend.  Id. at 226-27.  If the pleadings affirmatively negate the
existence of jurisdiction, then a plea to the jurisdiction may be granted
without allowing the plaintiffs an opportunity to amend.  Id. at 227.  

IV.  Discussion








The relief sought in
this case is not available to Warren. 
Warren's live pleading sought declaratory judgment.  His statement to the trial court
unequivocally confirmed he sought recovery of personal property.  On appeal, he asserts he sought declaratory
relief.  

Assuming without
deciding that Warren preserved error (because his complaint below differs from
the complaint on appeal), we observe that declaratory judgment is only
appropriate if a justiciable controversy exists as to the rights and status of
the parties, and the controversy will be resolved by the declaration sought.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.006(b) (Vernon
1997).  In a proceeding for declaratory
judgment, the court may award costs and attorney's fees.  See Tex.
Civ. Prac. & Rem.
Code Ann. ' 37.009 (Vernon
1997).  While the court may also award
further relief when necessary and proper, such relief must be within the
existing jurisdiction of the court.  See
Tex. Civ. Prac. &
Rem. Code Ann. ' 37.011 (Vernon
1997).  

In this case, Warren's
live pleading, whether a de novo appeal or a "lawsuit," ostensibly
sought a declaration of his rights. 
Warren admittedly seeks recovery of his personal property.  We conclude that the suit is barred by the
doctrine of sovereign immunity.  See
Tex. Natural Res. Conservation Comm'n v. IT‑Davy, 74 S.W.3d 849, 856‑57
(Tex. 2002).  Private parties cannot
circumvent the State's sovereign immunity from suit by characterizing a suit
for recovery of property as a declaratory judgment claim.  See id.  








We conclude that the
trial court properly dismissed Warren's suit on immunity grounds.  We overrule his first issue.  We need not reach his second issue.  See Tex.
R. App. P. 47.1. 

V.  Conclusion   

We affirm. 

ERRLINDA CASTILLO

Justice

 

Memorandum Opinion delivered and filed

this 21st day of July, 2005.

 











[1] In a civil case, this Court will
accept as true the facts stated unless another party contradicts them.  See Tex.
R. App. P. 38.1(f).  The statement must be supported by record
references.  Id.